UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APPROXIMATELY $67,900.00 IN U.S. CURRENCY, and<br><br>APPROXIMATELY $3,722.00 IN U.S. CURRENCY,<br><br>　　　　Defendants. | No.  2:13-cv-01173 JAM-AC<br><br>**ORDER GRANTING THE UNITED STATES' MOTION TO STRIKE THE CLAIM OF ALEJANDRO YOVANI LOPEZ** |

　　　This matter is before the Court on the United States' Motion to Strike the Claim of Alejandro Yovani Lopez (Doc. #19). Claimant Alejandro Yovani Lopez ("Claimant") opposes the motion (Doc. #20).[1]  For the reasons set forth below, the United States' motion is GRANTED.

///

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for November 6, 2013.

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

On June 11, 2013, the United States filed this <u>in rem</u> complaint (Doc. #1) against approximately a total of $71,622 in U.S. currency seized from a Cadillac Escalade driven by Claimant on October 1, 2012. Compl. ¶¶ 1-2. On July 12, 2013, Claimant filed a claim to the money (Doc. ##7-8) and on July 30, 2013, he filed an answer (Doc. #11). On August 7, 2013, the United States served Claimant with special interrogatories pursuant to Rule G(6) of the Supplemental Rules of the Federal Rules of Civil Procedure. <u>See</u> Declaration of Kevin C. Khasigian, Doc. #19-2, ¶ 3. On October 3, 2013, the United States moved to strike Claimant's claim and answer because the United States had not received his response to the special interrogatories within twenty-one days. Mot. at 4. Claimant opposed the motion because on October 21, 2013, he served responses to the special interrogatories at issue. Opp. at 1-3. On November 4, 2013, the Court ordered the United States "to show cause as to why this motion should not be dismissed as moot because Claimant has served responses to the special interrogatories to the Government." (Doc. #23.) On November 13, 2013, the United States responded to the Court's order (Doc. #24).

II.   OPINION

A.   <u>Legal Standard</u>

The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") govern the procedure for <u>in rem</u> forfeiture actions. <u>See</u> Fed. R. Civ. P. Supp. Rule G. Supplemental Rule G(6)(a) provides that "[t]he

government may serve special interrogatories limited to [the claimant's] identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed." Fed. R. Civ. P. Supp. Rule G(6)(a). Under Supplemental Rule G(6)(b), "answers or objections to [the] interrogatories must be served within 21 days after the interrogatories are served." Supplemental Rule G(8)(c) allows the government to move to strike a claim "at any time before trial," if the claimant fails to comply with Supplemental Rule G(6). Fed. R. Civ. P. Supp. Rule G(8)(c). The Advisory Committee Notes to the 2006 adoption of Supplemental Rule G(8) provide as follows:

> As with other pleadings, the court should strike a claim or answer only if satisfied that an opportunity should not be afforded to cure the defects under Rule 15. Not every failure to respond to subdivision (6) interrogatories warrants an order striking the claim. But the special role that subdivision (6) plays in the scheme for determining claim standing may justify a somewhat more demanding approach than the general approach to discovery sanctions under Rule 37.

Adv. Comm. Note to Supp. R. G(8)(c)(i)(A).

B.  Discussion

The United States initially moved to strike Claimant's claim and answer to the money under Rule G(8) because he failed to respond within 21 days to the special interrogatories the United States served on August 7, 2013. Mot. 3-4. Claimant argues that the defect in this case was cured when he served the United States his responses to the special interrogatories on October 21, 2013, and therefore, the Court should not strike his claim. Opp. at 2. In addition, Claimant contends that "such a drastic and terminating action is not warranted in every matter." Id.

3

In its response to the Court's Order to Show Cause, the United States argues that the Court should strike the claim and answer even though Claimant provided responses to the special interrogatories because the responses were untimely and deficient.  Response at 2-3.

Here, Claimant served his responses about two months after the special interrogatories were served.  See Claimant's Responses to the Special Interrogatories, Ex. A attached to the Declaration of Lawrence T. Niermeyer, Doc. #21.  Claimant argues that he was unable to respond to the special interrogatories because he was out of the country for an extended period of time and therefore, he did not receive the documents or meet with his counsel.  Opp. at 2.  However, Claimant did not request an extension of time.  Therefore, Claimant did not respond to the special interrogatories by the deadline set forth under Rule G(6).  In addition, the responses are not signed under oath as required under Federal Rule of Civil Procedure 33.  Claimant's Responses to the Special Interrogatories at 9; Fed. R. Civ. P. 33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."); Fed. R. Civ. P. Supp. Rule G(1)("To the extent that this rule does not address an issue, Supplemental Rules C and E and the Federal Rules of Civil Procedure also apply.")  Therefore, as the United States argues, the motion to strike is not moot.

Although not every failure to respond to special interrogatories warrants an order striking the claim or answer, here, Claimant failed to timely respond, failed to request an extension, and his responses are not signed under oath.

Accordingly, the Court strikes Claimant's claim and answer.

### III.  ORDER

For the reasons set forth above, the Court GRANTS the United States' motion.

IT IS SO ORDERED.

Dated: December 6, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE