UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:13-cv-01173 JAM-AC |
| Plaintiff, | |
| v. | **ORDER GRANTING THE UNITED STATES' MOTION TO STRIKE THE CLAIM OF ALEJANDRO YOVANI LOPEZ** |
| APPROXIMATELY $67,900.00 IN U.S. CURRENCY, and | |
| APPROXIMATELY $3,722.00 IN U.S. CURRENCY, | |
| Defendants. | |

This matter is before the Court on the United States' Motion to Strike the Claim of Alejandro Yovani Lopez (Doc. #19). Claimant Alejandro Yovani Lopez ("Claimant") opposes the motion (Doc. #20).[1]  For the reasons set forth below, the United States' motion is GRANTED.

///

///

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for November 6, 2013.

1

1          I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

2          On June 11, 2013, the United States filed this in rem

3    complaint (Doc. #1) against approximately a total of $71,622 in

4    U.S. currency seized from a Cadillac Escalade driven by Claimant

5    on October 1, 2012.  Compl. ¶¶ 1-2.  On July 12, 2013, Claimant

6    filed a claim to the money (Doc. ##7-8) and on July 30, 2013, he

7    filed an answer (Doc. #11).  On August 7, 2013, the United States

8    served Claimant with special interrogatories pursuant to Rule

9    G(6) of the Supplemental Rules of the Federal Rules of Civil

10   Procedure.  See Declaration of Kevin C. Khasigian, Doc. #19-2, ¶

11   3.  On October 3, 2013, the United States moved to strike

12   Claimant's claim and answer because the United States had not

13   received his response to the special interrogatories within

14   twenty-one days.  Mot. at 4.  Claimant opposed the motion because

15   on October 21, 2013, he served responses to the special

16   interrogatories at issue.  Opp. at 1-3.  On November 4, 2013, the

17   Court ordered the United States "to show cause as to why this

18   motion should not be dismissed as moot because Claimant has

19   served responses to the special interrogatories to the

20   Government."  (Doc. #23.)  On November 13, 2013, the United

21   States responded to the Court's order (Doc. #24).

22

23                          II.   OPINION

24        A.   Legal Standard

25        The Supplemental Rules for Admiralty or Maritime Claims and

26   Asset Forfeiture Actions ("Supplemental Rules") govern the

27   procedure for in rem forfeiture actions.  See Fed. R. Civ. P.

28   Supp. Rule G.  Supplemental Rule G(6)(a) provides that "[t]he

1   government may serve special interrogatories limited to [the

2   claimant's] identity and relationship to the defendant property

3   without the court's leave at any time after the claim is filed

4   and before discovery is closed."  Fed. R. Civ. P. Supp. Rule

5   G(6)(a).  Under Supplemental Rule G(6)(b), "answers or objections

6   to [the] interrogatories must be served within 21 days after the

7   interrogatories are served."  Supplemental Rule G(8)(c) allows

8   the government to move to strike a claim "at any time before

9   trial," if the claimant fails to comply with Supplemental Rule

10  G(6).  Fed. R. Civ. P. Supp. Rule G(8)(c).  The Advisory

11  Committee Notes to the 2006 adoption of Supplemental Rule G(8)

12  provide as follows:

> As with other pleadings, the court should strike a
> claim or answer only if satisfied that an opportunity
> should not be afforded to cure the defects under Rule
> 15. Not every failure to respond to subdivision (6)
> interrogatories warrants an order striking the claim.
> But the special role that subdivision (6) plays in the
> scheme for determining claim standing may justify a
> somewhat more demanding approach than the general
> approach to discovery sanctions under Rule 37.

18  Adv. Comm. Note to Supp. R. G(8)(c)(i)(A).

19      B.   Discussion

20      The United States initially moved to strike Claimant's claim

21  and answer to the money under Rule G(8) because he failed to

22  respond within 21 days to the special interrogatories the United

23  States served on August 7, 2013.  Mot. 3-4.  Claimant argues that

24  the defect in this case was cured when he served the United

25  States his responses to the special interrogatories on October

26  21, 2013, and therefore, the Court should not strike his claim.

27  Opp. at 2.  In addition, Claimant contends that "such a drastic

28  and terminating action is not warranted in every matter."  Id.

In its response to the Court's Order to Show Cause, the United
States argues that the Court should strike the claim and answer
even though Claimant provided responses to the special
interrogatories because the responses were untimely and
deficient.  Response at 2-3.

Here, Claimant served his responses about two months after
the special interrogatories were served.  See Claimant's
Responses to the Special Interrogatories, Ex. A attached to the
Declaration of Lawrence T. Niermeyer, Doc. #21.  Claimant argues
that he was unable to respond to the special interrogatories
because he was out of the country for an extended period of time
and therefore, he did not receive the documents or meet with his
counsel.  Opp. at 2.  However, Claimant did not request an
extension of time.  Therefore, Claimant did not respond to the
special interrogatories by the deadline set forth under Rule
G(6).  In addition, the responses are not signed under oath as
required under Federal Rule of Civil Procedure 33.  Claimant's
Responses to the Special Interrogatories at 9; Fed. R. Civ. P.
33(b)(3) ("Each interrogatory must, to the extent it is not
objected to, be answered separately and fully in writing under
oath."); Fed. R. Civ. P. Supp. Rule G(1)("To the extent that this
rule does not address an issue, Supplemental Rules C and E and
the Federal Rules of Civil Procedure also apply.")  Therefore, as
the United States argues, the motion to strike is not moot.

Although not every failure to respond to special
interrogatories warrants an order striking the claim or answer,
here, Claimant failed to timely respond, failed to request an
extension, and his responses are not signed under oath.

1    Accordingly, the Court strikes Claimant's claim and answer.

2

3                    III.   ORDER

4      For the reasons set forth above, the Court GRANTS the United

5    States' motion.

6      IT IS SO ORDERED.

7    Dated: December 6, 2013

8                          JOHN A. MENDEZ,
                            UNITED STATES DISTRICT JUDGE