UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY $67,900.00 IN U.S. CURRENCY; APPROXIMATELY $3,722.00 IN U.S. CURRENCY,<br><br>Defendants. | No. 2:13-cv-1173 JAM AC<br><br>FINDINGS & RECOMMENDATIONS |

Before the court is plaintiff United States of America's January 31, 2014 motion for default judgment against the interests of Yovani Alejandro Lopez, Mirtha Villafana Ambriz, Raymundo Camacho, Adrian Ramirez, and Toribio Galvan Cruz to Defendant $67,900.00 in U.S. Currency and Defendant $3,722.00 in U.S. Currency ("Defendant Currency"). On review of the motion and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

## FACTUAL ALLEGATIONS

This is a civil action in rem brought by the United States for forfeiture of the defendant currency, which were seized from a Cadillac Escalade driven by Yovani Alejandro Lopez on October 1, 2012, in Stockton, San Joaquin County, California. Compl. ¶ 2. On that day, a California Highway Patrol ("CHP") officer was traveling southbound on Highway 99 in Stockton when he noticed a gold Cadillac Escalade following traffic too closely. Id. ¶ 5. During the traffic

stop, the officer approached the driver's side of the vehicle and observed a strong odor of marijuana emanating from inside the Cadillac. Id. ¶ 6. When asked by the officer, Lopez, the driver, denied having any marijuana. Id. The officer then asked passenger Toribio Galvan Cruz to exit the vehicle. Id. When Cruz did so, an open "Corona" beer spilled on the Cadillac's front passenger floorboard. Id. The officer then conducted a Driving Under the Influence ("DUI") test on Lopez and searched the Cadillac. Id. In the floor space between the center console and rear seats, the officer found a large cardboard box full of loose cash. Id. A later count of the cash totaled $67,900.00. Id.

Additional CHP officers arrived on the scene at this time, and a more complete search of the Cadillac was conducted. Compl. ¶ 7. During this search, officers found marijuana all over the interior of the vehicle, including two large blankets on the passenger seat covered in processed marijuana crumbs. Id. In the front passenger door panel, officers found .45 caliber hollow point ammunition. Id. Officers also found receipts indicating large dollar amount wire transfers from the United States to Mexico. Id. Officers then searched the driver, Lopez, and his passenger, Cruz, finding $3,722.00 in Lopez's pockets and $2,914.00 in Cruz's pockets. Id.

Lopez and Cruz then consented to a financial interview, completing a financial questionnaire form. Compl. ¶ 8. Lopez represented that he worked at Coalinga Feed Yard earning approximately $2,100 per month. Id. Lopez had no bank account, no spouse, no stocks or bonds, no real property, and had never received an inheritance. Id. According to Cruz, he earned $470/week and, like Lopez, had no bank account, no stocks or bonds, no real property, and had never received an inheritance. Id. Cruz is married, but his spouse lives in Mexico. Id. Officers returned the $2,914 found in Cruz's pockets after Lopez told them that Cruz had "nothing to do with me" and "just asked for a ride." Id.

A CHP Officer responded to the Stockton CHP office with a police dog trained in detecting the presence of narcotics by scent. Compl. ¶ 9. The drug-detection dog gave a positive alert to the presence of the odor of drugs inside the vehicle and, separately, on the defendant currency. Id.

////

PROCEDURAL BACKGROUND

On June 11, 2013, plaintiff filed a complaint for forfeiture in rem against the defendant currency.

On June 26, 2013, plaintiff served Lopez at 6146 N. Santa Fe Drive, Wilton, CA 95388 by personal service with copies of the complaint, application and order for publication, warrant for arrest, order setting status (pretrial scheduling) conference, standing order, and court notices ("the service packet"). ECF No. 10. Lopez's wife accepted service on his behalf. See id.

On August 14, 2013, plaintiff served Raymundo Camacho at 902 S. Orange Street 904, Turlock, CA 95380-5836 by personal service with the service packet. ECF No. 14. Camacho's wife accepted service on his behalf. See id.

On August 27, 2013, plaintiff served Mirtha Villafana Ambriz at 309 ½ E Street, Orange Cove, CA 93646 by personal service with the service packet. ECF No. 15. Also on August 27, 2013, plaintiff served Adrian Ramirez at 416 Millview Dr., Madera, CA 93638-3470 by personal service with the service packet. ECF No. 16. After two attempts at each address with no answer at either home, the U.S. Marshal left the service packets at the respective addresses. See ECF Nos. 15-16.

As to Cruz, plaintiff mailed copies of the service documents on August 6, 2013 at 2460 Palm Avenue, Atwater, California 95301 by first class mail and certified mail number 7013 0600 0001 5002 9170. Ford Decl. ¶ 12. The certified mail package was returned on October 17, 2013 marked "Unclaimed." Id. On August 23, 2013, the U.S. Marshals Service attempted to personally serve the service packet on Cruz at the Atwater address. Id. ¶ 13. The current resident stated that Cruz did not live there and a neighbor stated that he had moved out over two years ago. See ECF No. 17.

On June 18, 2013, the undersigned authorized publication of the forfeiture action via the internet forfeiture website (www.forfeiture.gov) for at least thirty days. ECF No. 6. According to plaintiff's Declaration of Publication (ECF No. 10), a Notice of Civil Forfeiture was published on the official government internet site (www.forfeiture.gov) for thirty days beginning on June 20, 2013.

Although no answer has been filed to date on behalf of Camacho, Ambriz, Ramirez or Cruz, Lopez filed an answer on July 30, 2013.  ECF No. 11.  On August 12, 2013, the Honorable John A. Mendez issued a pretrial scheduling order.  ECF No. 13.  Thereafter, on October 3, 2013, plaintiff filed a motion to strike Lopez's claim, which was granted by Judge Mendez on December 9, 2013.  ECF No. 25.

On December 18, 2013, the Clerk entered default against the interests of Lopez, Camacho, Ambriz, Ramirez and Cruz.  ECF No. 27.  Now pending is plaintiff's January 31, 2014 motion for default judgment.  No opposition to the motion has been filed.

## LEGAL STANDARD

A court has the discretion to enter a default judgment against one who is not an infant, incompetent, or member of the armed services where the claim is for an amount that is not certain on the face of the claim and where (1) the defendant has been served with the claim; (2) the defendant's default has been entered for failure to appear; (3) if the defendant has appeared in the action, the defendant has been served with written notice of the application for judgment at least three days before the hearing on the application; and, (4) the court has undertaken any necessary and proper investigation or hearing in order to enter judgment or carry it into effect.  Fed. R. Civ. P. 55(b); Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). Factors that may be considered by courts in exercising discretion as to the entry of a default judgment and as to setting aside a default include the nature and extent of the delay, Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); the possibility of prejudice to the plaintiff, Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986); the merits of plaintiff's substantive claim, id.; the sufficiency of the allegations in the complaint to support judgment, Alan Neuman Productions, Inc., 862 F.2d at 1392; the amount in controversy, Eitel v. McCool, 782 F.2d at 1471-72; the possibility of a dispute concerning material facts, id.; whether the default was due to excusable neglect, id.; and, the strong policy underlying the Federal Rules of Civil Procedure that favors decisions on the merits, id.

With respect to default judgments in proceedings that are in rem actions for forfeiture, both the general Federal Rules of Civil Procedure and the Supplemental Rules for Certain

4

Admiralty and Maritime Claims ("Supp. R.") apply, but the latter rules prevail if there is an inconsistency. Supp. R. A(1). Supplemental Rule G(1) provides that the rule governs a forfeiture action in rem arising from a federal statute; to the extent that Rule G does not address an issue, Supplemental Rules C and E also apply. Supplemental Rule G, which took effect on December 1, 2006, incorporates a common-sense approach to notice grounded in defined and recognized principles of due process of law. Supp. Rule G, Adv. Comm. Note on 2006 Adoption. The Advisory Committee Note indicates that the rule was added to bring together the central procedures governing civil forfeiture actions; it also states that the rule generally applies to actions governed by the Civil Asset Forfeiture Reform Act of 2000 (CA FRA) as well as those excluded from it; thus, the intended scope of application is very broad. The rule permits flexibility as to the time of service of any warrant and supplemental process. Id. The provisions for notice incorporate the traditional means of publication and adopt the general principle that notice should be effectuated by means reasonably calculated to reach potential claimants at a cost reasonable in the circumstances, and actual notice precludes a challenge to the government's failure to comply with the specific requirements of the rule set forth in Rule G(4)(b). Id.

## ANALYSIS

1. Judgment Sought

The court concludes that the notice given of the judgment sought satisfies Federal Rules of Civil Procedure 55(d) and 54(c), which require that a judgment by default shall not be different in kind from the relief sought, or exceed in amount that prayed for, in the demand for judgment. In this regard, plaintiff expressly sought in the complaint the types of relief sought by the instant application for default judgment, including a judgment of forfeiture of the defendant currency to the plaintiff United States.

2. Default and Entry of Default

The declarations and the court's own docket demonstrate that, other than Lopez, no person or entity made a claim or answered the complaint within the requisite thirty-day period for filing a claim under 18 U.S.C. § 983(a) (4)(A) and Supp. R. G(5), and/or within the twenty-one-day period set forth in Supp. R. G(5) for filing an answer thereafter. Lopez, who did make a claim,

had his answer stricken on December 9, 2013 by order of Judge Mendez.  Therefore, the Clerk appropriately entered the default of potential claimants Lopez, Camacho, Ambriz, Ramirez and Cruz on December 18, 2013.

3.     Notice

The Declaration of Publication by plaintiff filed on July 22, 2013 establishes that a notice with the contents required by Supp. R. G(4)(a) was published on the official government internet site for thirty consecutive days as required by Supp. R. G(4)(a)(iv)(c).

As to the potential claimants, the return of service establishes that all but Cruz were personally served with the pertinent documents as set forth above.  The record also establishes that plaintiff demonstrated diligent efforts to personally serve Cruz.  Therefore, the notice complied with the requirements of Supp. R. G(4)(b).

The undersigned concludes that plaintiff has demonstrated that it has given notice by publication as well as the notice required to be given to potential claimants by Rule G(4).

4.     Legal Sufficiency of the Complaint

   a.     Legal Standard

A default judgment generally bars the defaulting party from disputing the facts alleged in the complaint, but the defaulting party may argue that the facts as alleged do not state a claim. Alan Neuman Productions, Inc., 862 F.2d at 1392.  Thus, well pleaded factual allegations, except as to damages, are taken as true; however, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default.  Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).

Under the CA FRA, which applies to this case, the government must prove by a preponderance of evidence that the property is subject to forfeiture.  18 U.S.C. § 983(c)(1). Further, if the government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the government must establish that there was a substantial connection between the property and the offense.  18 U.S.C. § 983(c)(3).

1    Supplemental Rules for Certain Admiralty and Maritime Claims Rule G(2) requires that
2 the complaint in a forfeiture action in rem arising from a federal statute be verified; state the
3 grounds for subject-matter jurisdiction and in rem jurisdiction over the defendant property as well
4 as venue; describe the property with reasonable particularity; identify the statute under which the
5 forfeiture action is brought; and state sufficiently detailed facts to support a reasonable belief that
6 the government will be able to meet its burden of proof at trial.

7    b.    The Complaint

8    The complaint filed in this action was verified.  Compl. 5.

9    The bases for jurisdiction are identified as 28 U.S.C. §§ 1345 and 1355(a) (jurisdiction of
10 civil proceedings commenced by the United States or an agency or officer thereof, and of actions
11 to recover or enforce penalties or forfeitures under acts of Congress, respectively).  Compl. ¶ 3.

12   The bases of venue are identified as 28 U.S.C. §§ 1355 (placing venue for a civil
13 forfeiture action where the acts giving rise to the forfeiture occurred) and 1395 (placing venue for
14 a civil forfeiture proceeding where the property is found).  Compl. ¶ 4.

15   The property is described in the complaint with reasonable particularity.

16   It is stated that plaintiff proceeds pursuant to 21 U.S.C. § 881(a)(6), and that the defendant
17 funds, seized on October 1, 2012 in a Cadillac Escalade driven by Lopez, constitute money
18 furnished and intended to be furnished in exchange for a controlled substance or listed chemical,
19 constituted proceeds traceable to such an exchange, and was used and intended to be used to
20 commit or facilitate a violation of 21 U.S.C. § 841 *et seq.*

21   In the complaint there are alleged sufficiently detailed facts to support a reasonable belief
22 that the government would be able to meet its burden of proof at trial.  The complaint details a
23 traffic stop of the Cadillac that led a CHP officer to observe a strong odor of marijuana coming
24 from inside the vehicle.  Upon asking the passenger, Cruz, to step out of the Cadillac, an open
25 beer spilled on the car's front passenger floorboard.  The officer then conducted a DUI test on
26 Lopez and searched the Cadillac, finding a large cardboard box full of loose cash totaling
27 $67,900.00.  When additional CHP officers arrived and a more thorough search of the Cadillac
28 was conducted, officers found marijuana all over the interior of the vehicle, a .45 caliber hollow

point ammunition, receipts indicating large dollar amount wire transfers from the United States to Mexico, and $3,722.00 in Lopez's pockets and $2,914 in Cruz's pockets. Lopez and Cruz then consented to a financial interview, revealing that Lopez earned approximately $2,100 per month, had no bank account, no spouse, no stocks or bonds, no real property, and had never received an inheritance. Cruz earned $470 per week and, like Lopez, has no bank account, no stocks or bonds, no real property, and has never received an inheritance, though he was married. A CHP Officer responded to the Stockton CHP office with a police dog trained in detecting the presence of narcotics. The drug-detection dog gave a positive alert to the presence of the odor of drugs inside the vehicle and, separately, on the defendant currency.

These facts support a reasonable inference that the defendant currency was subject to forfeiture as money furnished and intended to be furnished in exchange for a controlled substance or listed chemical, constituted proceeds traceable to such an exchange, and was used and intended to be used to commit or facilitate a violation of 21 U.S.C. § 841 *et seq.* The totality of the circumstances reflects a substantial connection between the defendant funds and a violation of these statutes.

5.  <u>Status of Potential Claimants and Discretionary Factors</u>

Here, no one other than Lopez has claimed an interest in the defendant funds or otherwise responded to the complaint despite being provided adequate notice of these proceedings, and Lopez's claim was dismissed by Judge Mendez. It does not appear that there is any risk of mistake or excusable neglect on the part of anyone with a potential interest in the property or of a dispute as to a material fact essential to the government's case. No just cause for delay appears. There does not appear to be any reason why the general policy in favor of a decision on the merits would warrant refusing to enter the requested default judgment.

Based thereon, the court finds that plaintiff has shown its entitlement to a default judgment of forfeiture.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The United States' motion for default judgment and final judgment of forfeiture (ECF No. 28) be granted;

2. That judgment by default be entered against any right, title, or interests of Yovani Alejandro Lopez, Mirtha Villafana Ambriz, Raymundo Camacho, Adrian Ramirez, and Toribio Galvan Cruz in the defendant currency referenced herein; and

3. That a final judgment be entered, forfeiting all right, title, and interest in the defendant funds to the United States, to be disposed of according to law.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 28, 2014

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE